### Samuel Kohn *v.* John Hall.

There must be an express stipulation in a contract of sale, to render joint purchasers liable, *in solido*, or as sureties for each other, for the price. Such liability cannot be presumed.

Appeal from the Commercial Court of New Orleans, *Watts*, J.

*T. Slidell*, for the appellant.

*Benjamin*, for the defendant.

Bullard, J.  The plaintiff represents, that he was formerly the owner of certain city lots, which, together with some other property, he sold by act before Stringer, a notary, on the 12th November, 1831, to Joshua Baldwin, retaining a mortgage to secure the payment of certain notes given for the price.  That Baldwin afterwards sold the lots to the defendant Hall, and to G. W. Pritchard, J. D. Bein, and R. Bein, who, by the notarial act of sale to them, assumed to pay the original price then outstanding and due to the plaintiff.  He states, that there is yet a balance due him, after crediting the amount for which the lots were sold by the sheriff, under his mortgage ; which balance he alleges is owing by the defendant Hall; and he prays for judgment accordingly.

The defendant at first set up, by way of exception, that the *assumpsit*, as stated in the petition, implied only a joint obligation, and that the action could not be maintained against him without making the other obligors parties to the suit.  The plaintiff was then permitted to amend, and the representatives of Pritchard, J. D. and R. Bein, were made parties defendant.  The court gave judgment against Hall for one-fourth of the balance due, and the plaintiff has appealed.

The case has been submitted, without argument, upon a single

point of the appellant's, that the judgment ought to have been for the full amount of the balance of the price of the lots, due to the plaintiff.

We concur with the learned judge of the Commercial Court, that the defendant is bound, at most, for one-fourth. He acquired but one undivided fourth of the lots, and was liable for only one-fourth of the price, unless he became either expressly surety for his co-purchasers, or bound *in solido.* Neither can be presumed.

*Judgment affirmed.*